Benedict v. Berger.

---

## George M. Benedict  v. E. A. Berger et al.

1.  PROMISSORY NOTE—*Payable to the Order of the Maker.*—An instrument in the form of a note, payable to the order of the maker, is not a note until indorsed and ordered paid by the maker, and delivered.

2.  SAME—*Indorsers not Guarantors.*—Mere indorsers upon a promissory note are not liable as guarantors.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 27, 1896.

### STATEMENT OF THE CASE.

This suit was brought upon a promissory note to recover $100, and was tried by the court without a jury.

The declaration charges defendants Hartman and Berger as gurantors.

The defendants filed a plea of general issue.

The plaintiff was the only witness examined, and he testified to his ownership of the note, the time he purchased it, and that before it was due he purchased it from one Hardy, not a party to the instrument, and paid $100 therefor; the remainder of plaintiff's case is established by the note and the presumptions indulged by law.

The defendants offered no evidence except the files, showing confession of judgment by the makers, which was admitted by plaintiff.

The note and indorsements were as follows, and in the order mentioned:

"$100.                        CHICAGO, ILL., Feb. 6, 1894.

One year after date, for value received, I promise to pay to the order of myself one hundred dollars, at the office of J. A. Hartman, Chicago, Ill., with interest at six per cent per annum after date until paid. And to secure the payment of said amount I hereby authorize irrevocably any attorney of any court of record to appear for me in such court, in term time or vacation, at any time hereafter, and confess judgment, without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs and twenty-five dollars attorney's fees, and to waive and release all errors which may intervene in such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that my said attorney may do by virtue hereof.
                              NELLIE MELLIGEN."

Indorsed as follows:

" Pay to the order of Mrs. E. A. Berger.    H. C. Hartman,
Mrs. E. A. Berger, Nellie Melligen."

J. A. COLEMAN and WILLIAMS, LINDEN, DEMPSEY & GOTT,
attorneys for appellant.

No appearance for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE
COURT.

An instrument in form of a note, payable to the order of
the maker, is not a note until indorsed, ordered paid by the
maker, and delivered.

So far as appears, this instrument was not a contract of
any kind until after the indorsements were made by Hart-
man and Mrs. Berger.

Appellees Hartman and Mrs. Berger were record in-
dorsers only.    Pike v. Hately, Ill. App., opinion filed Feb-
ruary 11, 1896;  Blanchford v. Milliken, 35 Ill. 434.

There was no evidence warranting a recovery against
them as such.

The judgment of the Circuit Court is affirmed.